IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WILLIAM AREVALO, # 145950**  **PLAINTIFF**

VERSUS                                    CIVIL ACTION NO. 4:13cv83-HSO-RHW

**MANAGEMENT AND TRAINING CORPORATION, GEO GROUP, INC., DORIS MCDONALD, EDDIE CATES, WARDEN B. GRIMES, WARDEN V. HORTON, FIRE INSPECTOR TIM WILSON, WARDEN RICE, WARDEN SHAW, WARDEN OVALLE, CASE MANAGER T. KELLEY, CASE MANAGER T. CROSBY, CASE MANAGER K. HADLEY, OFFICER R. JACKSON, CASE MANAGER D. SMITH, and WARDEN J. GRAHAM**  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER DISMISSING ALL DEFENDANTS EXCEPT GEO GROUP, INC. WITHOUT PREJUDICE, DENYING PLAINTIFF'S MOTION TO ADD MDOC AS A DEFENDANT, AND DISMISSING PLAINTIFF'S HABEAS CLAIMS WITHOUT PREJUDICE**

This matter is before the Court *sua sponte*. *Pro se* Plaintiff William Arevalo is incarcerated with the Mississippi Department of Corrections ("MDOC"). He has filed this suit against various prison officials and GEO Group, Inc., a private corrections, detention, and mental health treatment provider. The Court has considered and liberally construed the pleadings. For the reasons set forth below, all Defendants excluding GEO are dismissed without prejudice, and Arevalo's habeas claims are dismissed without prejudice.

I. BACKGROUND

On February 3, 2009, Arevalo was convicted in Harrison County, Mississippi,

of aggravated assault and escaping prison. In February 2010, while imprisoned, Arevalo was convicted in Sunflower County, Mississippi, of criminal damage to state property. In February 2011, while imprisoned, Arevalo was convicted in Lauderdale County, Mississippi, of possession of contraband.

On April 25, 2013, Arevalo initiated this action against Defendants Management and Training Corporation, GEO, Doris McDonald, Eddie Cates, Wardens B. Grimes and V. Horton, Fire Inspector Tim Wilson, Wardens Rice, Shaw, and Ovalle, Case Managers T. Kelley, T. Crosby, and K. Hadley, Officer R. Jackson, Case Manager D. Smith, and Warden J. Graham. Arevalo complains about various conditions of his confinement. He alleges excessive force, denial of medical treatment, unsanitary and inhumane housing conditions, and racial discrimination. Arevalo contends that he is being unjustifiably held in long-term segregation because of numerous allegedly wrongful Rule Violation Reports issued against him by prison officials. He also appears to challenge his 2010 and 2011 convictions. Arevalo seeks monetary damages, injunctive relief, and speedier release.

In response to the Court's inquiries into his claims, Arevalo has indicated that he would like to streamline this case by adding MDOC as a Defendant and dismissing all current Defendants with the exception of GEO.

## II.  DISCUSSION

A.  All Defendants Excluding GEO Should be Dismissed Without Prejudice

Arevalo requests voluntary dismissal of all Defendants except GEO. The Court finds that Arevalo's request should be granted, and all Defendants excluding

2

GEO should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41.

B.     MDOC Should Not Be Added as a Defendant

Arevalo requests that MDOC be added as a Defendant. No responsive pleadings have been filed, and as a procedural matter, Plaintiff may amend his Complaint "as a matter of course." Fed. R. Civ. P. 15(a)(1)(B). Nevertheless, because this amendment would be futile and would unnecessarily delay the resolution of this case, the Court denies Plaintiff's request. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991)(district court may deny motion to amend when amendment would be futile).

> 42 U.S.C. § 1983 provides:
>
>> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To the extent that Arevalo requests relief against MDOC pursuant to 42 U.S.C. § 1983, MDOC is not amenable to suit. MDOC is not a "person" within the meaning of § 1983. It is considered an "arm of the state" and is entitled to Eleventh Amendment immunity. *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 WL 1666258, *2 (S.D. Miss. June 12, 2006); *see* Miss. Code Ann. § 47-5-1; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). To the extent that Arevalo

requests relief against MDOC pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. sections 11-46-1 *et seq.*, the Act does not waive the State's Eleventh Amendment immunity from suit in federal court. Miss. Code Ann. § 11-46-5(4). Accordingly, Arevalo's request to add MDOC as a Defendant should be denied as futile.

C.  Arevalo's Habeas Claims Should be Dismissed Without Prejudice

Arevalo appears to challenge his 2010 conviction in Sunflower County for criminal damage to state property and his 2011 conviction in Lauderdale County for possession of contraband. He seeks speedier release from incarceration. The Court liberally construes Arevalo's Complaint in this regard as requesting habeas relief pursuant 28 U.S.C. § 2254.

"A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." R. Governing § 2254 Cases 2(e). Furthermore, before Arevalo can pursue his habeas claims in this Court, he must exhaust his available state remedies, 28 U.S.C. § 2254(b)(1)(A), and provide "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust his habeas claims, Arevalo is required to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). Arevalo has not shown that he has exhausted his habeas claims, and the Court declines to sever these claims. Rather, Arevalo's habeas claims will be dismissed without prejudice.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that all Defendants with the exception of GEO Group, Inc. are **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff William Arevalo's request to add the Mississippi Department of Corrections as a Defendant is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff William Arevalo's habeas claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 4th day of October, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE